# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDAS CALVIN JENNINGS, <br> Plaintiff, <br> v. <br> BELL HELICOPTER TEXTRON INC., et al., <br> Defendants. | Civil No. 12-cv-1549-GPC (DHB) <br><br> **ORDER GRANTING MOTION TO DEEM EXPERT DISCLOSURES AND REPORTS TIMELY SERVED** <br><br> **[ECF No. 132]** |

On July 30, 2013, Plaintiff Madras Calvin Jennings and Defendant Mazda Motor of America, Inc. ("Mazda") filed a "Motion to Deem Expert Disclosures and Reports Timely Served." (ECF No. 132.) None of the other defendants filed a response to the motion despite an August 8, 2013 deadline to do so. (ECF No. 133.) The motion seeks an order from the Court finding that Mazda's expert witness designations, which were apparently first served as an attachment to the motion, were timely served, and that Mazda's experts' reports are timely if served on or before August 16, 2013. For the reasons set forth below, the motion is **GRANTED**.

The Court initially notes that pursuant to the Court's November 15, 2012 Scheduling Order, Mazda's expert designations were due on February 22, 2013, and its experts' reports were due on May 10, 2013. (*See* ECF No. 96 at ¶¶ 3-4.) The fact that Plaintiff now stipulates that Mazda's expert designations and reports be deemed timely is insufficient.

/ / /

Rule 26 of the Federal Rules of Civil Procedure "requires the parties to disclose the identity of each expert witness 'accompanied by a written report prepared and signed by the witness.'" *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting FED. R. CIV. P. 26(a)(2)(B)). Expert disclosures must be made "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Id.* (quoting FED. R. CIV. P. 37 advisory committee's note (1993)). Moreover, because of the automatic nature of this sanction, courts are not required to make a finding of willfulness or bad faith prior to excluding expert testimony at trial. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

"When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman*, 644 F.3d at 826 (citing FED. R. CIV. P. 37(c)(1); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212-13 (9th Cir. 2008)). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Id.* at 827 (citing *Yeti by Molly*, 259 F.3d at 1107).

"[P]articularly wide latitude [is given] to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). Despite the severity of this exclusionary sanction, it may be appropriate "even when a litigant's entire cause of action or defense has been precluded." *Id.* (citing *Ortiz-Lopez*, 248 F.3d at 35).

The Ninth Circuit has established a five-factor test for determining whether sanctions are appropriate in these circumstances: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants;

4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Here, Mazda has not attempted to meet its burden of demonstrating either (1) substantial justification for its failure to timely designate experts or serve expert reports or (2) harmlessness. However, in light of the factors above and because no party has objected to Mazda's request, the Court finds that granting Mazda's request will be harmless. Therefore, the Court will exercise its discretion to **GRANT** Mazda's request.

Accordingly, IT IS HEREBY ORDERED:

1. Mazda's expert witness designations, attached to the motion as Exhibit A (ECF No. 132-1) shall be deemed timely served.
2. On or before **August 16, 2013**, Mazda shall serve its experts' reports on all parties.

**IT IS SO ORDERED.**

DATED: August 12, 2013

DAVID H. BARTICK
United States Magistrate Judge